NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JAN 27 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| APRIL J. GRUNDFOR, | No. 18-55314 |
| Plaintiff-Appellant, | D.C. No. 2:16-cv-04163-TJH-AGR |
| v. | |
| JANET BOUFFARD, in her individual capacity; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Terry J. Hatter, Jr., District Judge, Presiding

Argued and Submitted January 7, 2020
Pasadena, California

Before: WATFORD, BENNETT, and LEE, Circuit Judges.

Plaintiff-Appellant April Grundfor appeals the district court's grant of

summary judgment and judgment as a matter of law to Defendants. Grundfor was

a social worker at Atascadero State Hospital ("ASH"), a maximum-security

institution that houses mentally ill male criminals. After she was terminated by

ASH, Grundfor brought suit under 42 U.S.C. § 1983—claiming that Defendants,

---

* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

her former supervisors, retaliated against her for exercising her First Amendment right to free speech. Grundfor alleges Defendants terminated her in retaliation for two protected acts: (1) speaking with police after an incident in which an ASH patient strangled another patient, and (2) writing and submitting an interdisciplinary note about the same incident (the "Note"). The district court granted partial summary judgment to Defendants as to Grundfor's claim based on the Note, and after a jury trial, granted judgment as a matter of law to Defendants as to Grundfor's claim based on the police interview. We have jurisdiction under 28 U.S.C. § 1291 and affirm both judgments.

"The doctrine of qualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). Clearly established law "should not be defined 'at a high level of generality' [and] must be 'particularized' to the facts of the case." *White v. Pauly*, 137 S. Ct. 548, 552 (2017) (citations omitted). The "dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Hernandez v. Mesa*, 137 S. Ct. 2003, 2007 (2017) (quoting *Saucier v. Katz*, 533 U.S. 194, 202 (2001)). If a government official

2

"perform[s] their duties reasonably" but nevertheless makes a mistake, qualified immunity "applies regardless of whether the government official's error is 'a mistake of law, a mistake of fact, or a mistake based on mixed questions of law and fact.'" *Pearson*, 555 U.S. at 231 (citation omitted).

"[T]he First Amendment protects a public employee's right . . . to speak as a citizen addressing matters of public concern." *Garcetti v. Ceballos*, 547 U.S. 410, 417 (2006). By contrast, "when public employees make statements pursuant to their official duties, the employees are not speaking as citizens for First Amendment purposes, and the Constitution does not insulate their communications from employer discipline." *Id.* at 421. Grundfor's constitutional rights to speak with the police and write the Note were clearly established only if, viewing the facts in the light most favorable to Grundfor, reasonable officials in Defendants' positions would have believed that those activities were outside the scope of her job duties. *See Greisen v. Hanken*, 925 F.3d 1097, 1112–13 (9th Cir. 2019).

Contrary to Grundfor's contention, the district court applied the correct qualified immunity test when it asked whether reasonable officials in Defendants' positions would have believed their actions were unlawful. We conclude that, even viewing the facts in the light most favorable to Grundfor, reasonable officials in Defendants' positions could have believed that Grundfor spoke as a public employee rather than as a private citizen.

First, Defendants are entitled to qualified immunity on Grundfor's claim based on the police interview. Grundfor did not have a clearly established constitutional right to speak to the police because Defendants could have reasonably believed that speaking to police was a part of her job duties. After the strangulation, ASH police officers instructed all staff members present to speak to officers prior to departing. Grundfor was interviewed because she worked in the patients' treatment unit and was one of the first people to arrive at the scene. Further, evidence in the record indicates that ASH's policy required staff to cooperate in police investigations and Grundfor's supervisors expected that she would. We are not persuaded by Grundfor's argument that her formal job description did not include participation in police investigations, as the Supreme Court has instructed that "[f]ormal job descriptions often bear little resemblance to the duties an employee actually is expected to perform, and the listing of a given task in an employee's written job description is neither necessary nor sufficient to demonstrate that conducting the task is within the scope of the employee's professional duties for First Amendment purposes." *Garcetti*, 547 U.S. at 424–25. It is entirely reasonable for supervisors to believe that when an employee of a maximum-security institution is a witness in a case involving a crime allegedly committed by one of her patients, and talks to police at the request of the police, she is speaking as an employee and not as a private citizen. Certainly no case

4

stands for the contrary proposition, even at a high level of generality.

Second, Defendants are entitled to qualified immunity on Grundfor's claim based on the Note because they could have reasonably believed that writing the Note was within Grundfor's job duties. Grundfor's job as a social worker included regularly writing and submitting interdisciplinary notes, and Grundfor herself agreed that she prepared the Note pursuant to her job duties. Even if Grundfor was not required to write this particular Note, her supervisors could have reasonably believed that when a social worker wrote a note for a patient's chart, she was not speaking as a private citizen. And again, no case stands for the contrary proposition, even at a high level of generality.

**AFFIRMED.**